ANDERSON v. SMITLEY et al.

(Supreme Court, Appellate Division, First Department. December 2, 1910.)

1. FRAUD (§ 34*)—ACTIONS FOR DAMAGES.

An action for damages for fraud inducing the execution of instruments rests on an affirmance of the instruments, and plaintiff need not return, or offer to return, the consideration received for executing the instrument.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 29; Dec. Dig. § 34.*]

2. FRAUD (§ 25*)—ACTIONS FOR DAMAGES.

One suing for damages for fraud inducing the execution of an instrument must not only prove the fraud, but he must show that he suffered damages therefrom.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 24; Dec. Dig. § 25.*]

3. FRAUD (§ 50*)—ACTIONS FOR DAMAGES.

A widow suing for damages for fraud inducing the execution of releases and deeds of her interest in the estate of her deceased husband, making no provision for her in his will, must show not only the fraud, but that she was damaged, and she must attack the will adjudged valid, and procure an adjudication of its invalidity.

[Ed. Note.—For other cases, see Fraud, Dec. Dig. § 50.*]

4. WILLS (§ 432*)—ADJUDICATION OF VALIDITY—JUDGMENT—STATUTES.

The purpose of Code Civ. Proc. § 2653a, authorizing a judgment establishing the validity of a will to enjoin persons from bringing any action based on a claim that the will is not valid, is to forbid a reopening of the question of the validity of a will adjudged valid, in any form or under any pretense, and applies to an action in which proof of the validity of the will is a necessary element of the case to obtain judgment; and hence a widow compromising her rights in the estate of her deceased husband, who made no provision in his will for her, and consenting to a judgment adjudging the validity of the will, and enjoining all persons from maintaining any action based on a claim of the invalidity of the will, may not sue for damages for fraud inducing the compromise, because to sustain the action she must obtain an adjudication of the invalidity of the will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 923; Dec. Dig. § 432.*]

5. FRAUD (§ 25*)—ACTIONS—DAMAGES.

A widow executed an instrument releasing her interest in the estate of her deceased husband, whose will made no provision for her. Subsequently a dispute arose between her and the beneficiaries under the will, and for a consideration she executed a subsequent instrument releasing her claim to the estate. *Held,* that she could not maintain an action for damages for fraud for inducing the execution of the subsequent instrument, because she could not show any damages because of the existence of the first instrument.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 24; Dec. Dig. § 25.*]

6. PLEADING (§§ 169, 180*)—REPLY—REQUISITES.

Code Civ. Proc. § 514, providing that a reply may set forth new matter, not inconsistent with the complaint, constituting a defense to the counterclaim alleged in the answer, does not authorize a plaintiff to introduce a new cause of action against defendant by way of reply to the counter-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

claim, but plaintiff may set up new matter not embraced in the complaint, which, if established, will destroy the affirmative defense in the answer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 331, 358–384; Dec. Dig. §§ 169, 180.*]

7. CANCELLATION OF INSTRUMENTS (§§ 24, 45*)—ACTIONS—CONDITIONS PRECEDENT.

One suing to rescind an instrument on the ground of fraud must show fraud, and that he acted promptly on discovering the fraud, and he must restore what he received under the instrument, except he may retain so much of what he received as he is admittedly, and, in any event, entitled to.

[Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. §§ 33–38, 100, 101; Dec. Dig. §§ 24, 45.*]

8. FRAUD (§ 41*)—ACTIONS—PLEADINGS.

Where, in an action by a widow for damages for fraud inducing a release of her interest in the estate of her deceased husband, who in his will made no provision for her, defendants relied on a prior instrument executed by the widow whereby she released all her rights in the estate for a specified consideration, a reply, alleging that the prior instrument was induced by the fraud of defendants, must, to be sufficient, show that she acted promptly on discovering the fraud, and that she restored, or offered to restore, the consideration, and where the reply showed a failure to offer to return the consideration, and a failure to complain of the fraud for about seven years after knowledge thereof, it was bad on its face.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 36; Dec. Dig. § 41.*]

Appeal from Special Term, New York County.

Action by Eva Roxana Anderson against Jane Ann Smitley and others. From an order denying a motion for judgment on the pleadings and overruling demurrers, certain of the defendants appeal. Reversed, and judgment on the pleadings rendered.

See, also, 128 App. Div. 930, 113 N. Y. Supp. 1124; 132 App. Div. 930, 117 N. Y. Supp. 1128; and 126 N. Y. Supp. 31.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, LAUGHLIN, and DOWLING, JJ.

Edward W. Paige, for appellants.
Francis A. McCloskey, for respondent.

SCOTT, J. The defendants (other than John J. Lordon) appeal from an order denying their motion for judgment upon the pleadings. Plaintiff was the wife of John Elmer Ellis, who died on June 6, 1901. There apparently had been differences between them resulting in his agreement to pay her a yearly sum. Ellis was the son of the defendant Jane Ann Smitley, who had executed a deed of trust for his benefit to the defendant Joseph W. Smitley, as trustee. The whole purport of this deed, with its amendments, it is not necessary to recite, except to say that it provides that upon the death of said John Elmer Ellis the principal of the trust estate should go to such person or persons as he should by his last will direct and appoint, and, in default of such direction or appointment, should go to the next of kin of said Ellis to be distributed under the statutes of this state as if he had died intestate.

John Elmer Ellis did leave a will in which he made no mention of or provision for plaintiff, but, besides some legacies, left the bulk of his estate to his mother, Jane Ann Smitley, and appointed the defendant Strong his executor. In due course Strong offered this will for probate in the county of New York. The plaintiff appears to have opposed or threatened to oppose the probate, for in July, 1901, the defendant Jane Ann Smitley paid her $75,000, and plaintiff executed two deeds assenting to the probate and conveying and releasing to Mrs. Smitley, in most comprehensive language, all of her (plaintiff's) property or interest in the estate of her late husband. The will was accordingly admitted to probate on September 25, 1901. Two years later, on September 23, 1903, the plaintiff, by the defendant Lordon as her attorney, brought an action in this court to set aside the probate of her husband's will, to have said will declared invalid, to set aside the trust deed from Jane Ann Smitley to Joseph W. Smitley, to adjudge that the property mentioned in that trust deed was the property of John Elmer Ellis, and to award the plaintiff the share thereof to which she claimed to be entitled as the widow of an intestate. This action resulted in a compromise under which defendant Jane Ann Smitley paid to plaintiff the sum of $92,500. In return the plaintiff executed a series of deeds by which she again, and in equally comprehensive language, conveyed and released to Mrs. Smitley every possible interest that she (plaintiff) might have or claim to have in the estate of her late husband. She also consented to a decree in the action brought by her by which it was adjudged that the paper propounded as the last will and testament of John Elmer Ellis was his will. Said decree also, in accordance with the requirements of section 2653a of the Code of Civil Procedure, enjoined all parties to the action (including the plaintiff) "from maintaining any action * * * based upon a claim" that said paper is not the will of said John Elmer Ellis.

The present action is brought against Jane Ann Smitley, Joseph W. Smitley, and Alonzo P. Strong, all of whom were defendants in the action last mentioned, and against John J. Lordon, who was plaintiff's attorney in said action. The complaint makes no reference to the deeds executed by plaintiff in 1901. It sets forth the probate of the will, the action brought in 1903 to set aside the probate, the receipt by plaintiff of the money then paid in compromise, the execution by her of the various deeds, releases, and acquittances above referred to, and the final decree in the action commenced in 1903. It does not question the validity of that decree or of any of the deeds, releases, acquittances, nor seek to avoid them, but alleges that plaintiff was led to make the deeds, releases, and acquittances and to consent to the entry of the decree by the fraud, deceit, and false representations of the defendants with respect to the amount of the estate of said John Elmer Ellis, and with respect to the amount which she would have been entitled to receive, as his widow, by virtue of "the statutes of descent and distribution" if she had been successful in her contention, which she reasserts, that the alleged will of said Ellis was invalid and that he died intestate. For the deceit, fraud, and false representations she seeks to recover damages.

. It is not questioned that such an action will lie, or that, in such an action, it is not necessary that plaintiff shall return, or offer to return, the considerations received upon the compromise. The action rests upon an affirmance, not upon the avoidance of the deeds and releases executed as part of the compromise. Gould v. Cayuga County Nat. Bk., 99 N. Y. 333, 2 N. E. 16. In such an action, however, it is not sufficient to prove only the fraud and deceit. The plaintiff must go further and show that she suffered damage therefrom, for fraud without damage will not sustain an action for deceit. People v. Stephens, 71 N. Y. 527–557; Taylor v. Guest, 58 N. Y. 262–266; Hotchkiss v. Third Nat. Bk., 127 N. Y. 329–349, 27 N. E. 1050. To apply that rule to the present case, if it appears beyond dispute from the pleadings that plaintiff, after she has proven the fraudulent representations she alleges, will be unable to show that, if she had known the truth, she would have been entitled to more than she actually received, she will have failed to establish a cause of action and must be dismissed. She cannot show that she would have been entitled to receive more than she did receive without attacking the validity of the will of John Elmer Ellis, for if that will was valid she was entitled to nothing, and in fact received by the compromise much more than she was entitled to.

It is apparent that, in order to succeed in proving any damages, the plaintiff must attack the validity of the will and procure an adjudication of its invalidity, and, although she does not in terms ask a judgment determining its invalidity, she in the body of her complaint reasserts its invalidity. In effect therefore this action is "based upon a claim" that the paper writing propounded and probated as the will of John Elmer Ellis "is not his last will and testament," for if it is the plaintiff must necessarily fail in proving damages. But the plaintiff is enjoined by the decree in the action brought by her in 1903 from maintaining an action based upon any such claim. That provision was incorporated in the decree in pursuance of the express mandate of the statute, section 2653a, Code Civ. Proc. That section was clearly intended to be a statute of finality. Its purpose was to forbid a reopening of the question of the validity of a will in any form or under any pretense. It does not merely restrain any further action to review the probate, but it forbids the maintenance of any action "based upon a claim" of invalidity. This must of necessity apply to an action in which proof of the invalidity of the will is a necessary element of the plaintiff's case which must be proven in order to result in a judgment. The present case is thus necessarily based, in part, on a claim that Ellis' will was invalid, because if it was valid the plaintiff could have suffered no damage for any misrepresentation as to the amount of his estate. To permit this action to proceed under these circumstances would be to ignore both the statute and the judgment. Each of the appellants sets up the judgment by way of defense, and the reply does not effectively deny it. It therefore stands uncontradicted upon the pleadings that such a judgment was entered and has not been reversed or revoked.

There is still another reason why it is apparent on the face of the pleadings that the plaintiff, even if she succeeds in proving fraud, will

be unable to prove any damage.  As has been said, at the time of the probate of the will in 1901, when the sum of $75,000 was paid to plaintiff, she executed a series of deeds, releases, and acquittances whereby she conveyed and released to the defendant Jane Ann Smitley, principal legatee under the Ellis will, every possible property right, claim, or interest which she, the said plaintiff, had or could claim to have in any property which belonged to Ellis at his death, or to which he was then entitled.  These documents are not referred to in the complaint herein, and are not among those therein claimed to have been obtained from plaintiff by fraud and deceit.  They are, however, set up by way of defense in the separate answers of each of the defendants-appellants.  Here again is presented a situation in which it is apparent that plaintiff, even if she proves that she was induced by fraud to execute the deeds and releases of 1903, will be unable to show that she suffered damage thereby, because, if she had never executed these latter deeds and releases and had then known the facts as to her husband's estate as she now says that they really were, still she would have had no claim upon that estate, for she had previously in 1901 conveyed away and released all rights and claims which she had ever had thereto.  So long therefore as these deeds, releases, and acquittances of 1901 stand valid and unrevoked, it is clear that plaintiff lost nothing by executing the documents of 1903 which she now says were fraudulently obtained from her.  Evidently appreciating this situation, the plaintiff, in her reply, indicates how she proposes to avoid the effect of these 1901 deeds and conveyances.  She says in effect that she was induced to execute these papers also by the fraud and false representations of the defendants Smitley and Strong.  It will at once be seen that her attitude as to the 1901 papers is essentially different from her attitude with respect to the 1903 papers.  As to the latter she affirms their validity, but says that she was damaged by being induced to sign them.  As to the former she does not affirm their validity and does not ask damages.  Indeed, she could not do so in a reply, having omitted any such claim from her complaint.

Section 514, Code Civ. Proc., specifies what a reply must contain.  It may include a general or specific denial of each material allegation of the counterclaim, controverted by the plaintiff, and it may set out new matter, not inconsistent with the complaint "constituting a defense to the counterclaim."  This does not authorize the plaintiff to introduce a new cause of action against the defendant by way of reply to the counterclaim.  Young v. Dresser, 137 App. Div. 313, 122 N. Y. Supp. 29.  What a plaintiff may do is to set up new matter, not embraced in the complaint, which if established will destroy the efficacy of the affirmative defense contained in the answer.  Obviously what this plaintiff proposes to do is to avoid the 1901 documents by showing that they were fraudulently obtained from her.  To do this she must make the same allegations and offer the same proof that she would be required to do if she were suing to avoid those documents for fraud.  The reply therefore must be tested by the same rules that would be applied to a complaint in an action for rescission, else it is not a defense to the counterclaim.  The rules as to what must be alleged in such an action are simply and well defined.

In addition to alleging the fraud, the plaintiff must show that she acted promptly upon discovering the fraud, and must restore whatever she has received under the contract sought to be avoided. Gould v. Cayuga Co. Nat. Bk., 86 N. Y. 75; Krumm v. Beach, 96 N. Y. 398; Baird v. Mayor, etc., 96 N. Y. 567; Kley v. Healy, 149 N. Y. 346, 44 N. E. 150; Yeomans v. Bell, 151 N. Y. 231, 45 N. E. 552; Smith v. Ryan, 191 N. Y. 452, 84 N. E. 402, 19 L. R. A. (N. S.) 461, 128 Am. St. Rep. 609.

The modification of this rule, to the effect that a party suing to rescind a contract may retain so much of that which he received under it as he was admittedly and in any event entitled to receive (Kley v. Healy, 127 N. Y. 561, 28 N. E. 593), is inapplicable, for when the documents of 1901 were executed it was not admitted that plaintiff was entitled to receive anything. On the contrary, the appellants, by insisting upon the validity of the will which gave her nothing, necessarily disputed her right to receive anything from the estate. The transaction was a compromise in which $75,000 was paid to her in return for her execution of the documents. This sum she has not returned and makes no offer to return. Nor has she sought a rescission and avoidance of the 1901 documents promptly upon discovering the fraud which she says was committed upon her. Her allegation is that in 1901 the appellants falsely represented to her that her deceased husband's estate did not exceed $200,000. What representations were then made to her she, of course, knew when they were made. That her husband's estate exceeded $200,000, and amounted to at least $850,000, she knew (if such was the fact) as early as September 23, 1903, on which day she verified a complaint alleging that fact, in the action to set aside the probate of the Ellis will. It thus appears upon the face of the pleadings that plaintiff has enjoyed the consideration for the 1901 deeds and releases for at least seven years after knowledge of the fact, as she alleged, that they were obtained from her by fraud, and does not, even now, offer to return that consideration. The allegations in her reply would therefore be insufficient if embraced in a complaint for the purpose of rescinding the documents of 1901, and they are therefore equally insufficient when embraced in a reply by way of defense to an affirmative defense in the answer based upon those documents. It therefore appears upon the face of the pleadings that plaintiff cannot in this action establish that she has suffered damage, even if she can prove the fraud, because she cannot show that she lost anything by reason of the fraud which she would have been entitled to if she had not been induced to sign the papers respecting the execution of which the fraud is alleged. She cannot be heard to say that the will was invalid because the judgment in her former action precludes her, and, even if she could, she has parted with all interest in his estate by the deeds of 1901 which she cannot successfully attack upon the allegations of her reply.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and appellants' motion for judgment upon the pleadings granted, with costs to defendant. All concur.