ANDERSON v. SMITLEY et al. (two cases).

(Supreme Court, Appellate Division, First Department. December 2, 1910.)

INJUNCTION (§ 223*)—VIOLATION OF ORDER—LIABILITY.

Where a judgment establishing the validity of a will, and containing a provision as authorized by Code Civ. Proc. § 2653a, enjoining all parties to the action from maintaining any action based on a claim of the invalidity of the will, was rendered pursuant to a settlement of an action by the widow of testator to set aside his will disinheriting her, the widow, by subsequently suing for damages for fraud inducing the execution by her of an instrument releasing her interest in the estate, violated the injunction, and she was guilty of contempt.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 448–473; Dec. Dig. § 223.*]

Laughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by Eva Roxana Anderson against Jane Ann Smitley and others. From an order denying an application to punish plaintiff for contempt of court, defendants appeal. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, LAUGHLIN, and DOWLING, JJ.

Edward W. Paige, for appellants.
Francis A. McCloskey, for respondent.

SCOTT, J. We have held in Anderson v. Smitley (decided herewith) 126 N. Y. Supp. 25, that the injunction contained in the final decree entered on October 13, 1903, in the action then pending, is an effectual bar to the prosecution of the action commenced by plaintiff in May, 1908. It is but a single step further and a necessary corollary to hold that the bringing of the second action is a violation of the injunctive clause of the previous decree and a contempt of court. The appellants' motion to punish plaintiff as for a contempt must therefore be granted, the proceedings on the part of the plaintiff in the second action stayed, and plaintiff specifically restrained from further prosecuting it.

Order reversed, with $10 costs and disbursements, and motion granted, as above indicated.

INGRAHAM, P. J., and McLAUGHLIN and DOWLING, JJ., concur.

LAUGHLIN, J. (dissenting). The judgment under which it is claimed that the plaintiff is guilty of contempt was entered in the action which she brought pursuant to the provisions of section 2653a of the Code of Civil Procedure to have the instrument which had been probated as the last will and testament of the decedent, John Elmer Ellis, set aside. The action had been settled by a substantial payment of money to her by those interested in sustaining the will,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and the judgment was entered after such settlement on her stipulation and without a trial. As required by section 2653a, Code Civ. Proc., the judgment contained, among other things, a provision that all parties to the action "be enjoined from bringing or maintaining any action or proceeding * * * based upon a claim that such writing is not the last will and codicil, or either, of the testator." After the settlement of the action and the entry of the judgment therein, the plaintiff, according to the allegations of her complaint, discovered that certain false and fraudulent representations of a material nature had been made to her by which she was induced to settle the action. She thereupon brought this action to recover the damages which she sustained by relying upon such false and fraudulent representations. Her action is based on the fraud, and not on any claim that the writing thus adjudicated to be the last will and testament is not such last will and testament. It became essential to the plaintiff, in showing that she had sustained substantial damages, to allege in substance that but for the false and fraudulent representations she would not have settled the action, and that she could have shown on a trial thereof that the will was not the last will and testament of the decedent, and that she would have thereby come into possession of more property than she received on the settlement. She does not seek in this action either to have it adjudged that the will is not the last will and testament of the deceased or that it is invalid; nor does she as heir or otherwise assert any claim to any property of the decedent on the theory that the will was invalid, or on any other theory. She does not demand a judgment that will affect the right of any person interested in the estate of the deceased under his will or otherwise. The decision about to be made on this appeal limits and confines a party to such an action, who is fraudulently induced to compromise his rights or claims, to rescinding the settlement, which involves a restoration of property or funds received under it, and for that reason would in many instances not be an adequate remedy. I know of no exception to the rule that with respect to executed transactions a person induced by fraud to execute a contract or part with property has the right, on discovering the fraud, of election either to rescind or restore the consideration received, or to affirm and sue for the damages he has sustained over and above what he has received. It may be that it would be competent for the Legislature, as to transactions in futuro, to take away the common-law right of action for damages for fraud in such cases; but I see nothing in the phraseology of the statute showing a legislative intent to that effect. The entire purpose and object of the Legislature in directing that a final judgment in such action should contain an injunction is, I think, satisfied by precluding any party to the action from seeking to establish by application to the court by action or proceeding, or in defense of an action or proceeding instituted by another, any right of property inconsistent with the validity of the will.

I therefore dissent and vote for affirmance.