LOUIS KROHNTHAL, Respondent, *v.* JOHN H. RANGER and CHARLES PRESBREY, Appellants, Impleaded with HARVEY HUFFMAN and A. JOSEPH GEIST, Defendants.

First Department, July 3, 1919.

**Fraud and deceit — sufficiency of complaint — allegations as to false and fraudulent representations inducing plaintiff to part with his interest in a corporation and to assign same to a new company to be financed by defendants.**

In an action to recover damages for fraud and deceit it was alleged that the plaintiff and one C. organized a corporation for the purpose of carrying on the business of a copartnership originally formed by them; that thereafter the defendants, by means of certain fraudulent concealments and

false representations and with intent to defraud and deceive the plaintiff, induced him to form a new corporation for the express purpose of taking over his business; that they represented that defendants P. and R. were connected with wealthy corporations, had large sums of money of their own, and would finance the new corporation. It was further alleged that the defendants induced plaintiff to sign a certain paper whereby he transferred all his interest in the assets of his company, but it was not stated what the plaintiff's interest was or whether or not he was a stockholder; that after the formation of the new company the defendants took over the business and management thereof and deprived the plaintiff of any voice in the corporate affairs and acquired the business of plaintiff's company for the express purpose of gaining the management and control thereof and intended " to divert and convert to themselves and to their own purposes all the plaintiff's property and interests therein, and that the defendants did so and accomplished said purposes." It was then alleged upon information and belief that the statements made by the defendants were untrue and made with the intent to defraud the plaintiff.

*Held,* that defendants' motion for judgment on the pleadings should be granted.

The allegations respecting the control of the new corporation and its management are not relevant to plaintiff's cause of action.

If the defendants mismanaged the new company or did anything causing damage to it a cause of action would arise for the benefit of the new company and not for the benefit of the plaintiff.

A mere statement of fraud or deceit is not sufficient to uphold a complaint. The plaintiff in such an action must show that he suffered damage.

APPEAL by the defendants, John H. Ranger and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 30th day of January, 1918, denying their motion for judgment on the pleadings consisting of a complaint and the answer thereto.

*Henry Woog* of counsel [*George M. Brooks,* attorney], for the appellants.

*Nathan H. Stone,* for the respondent.

DOWLING, J.:

The action is brought to recover damages for fraud and deceit. A. Joseph Geist and Harvey Huffman, both attorneys, were joined as parties defendants, it being claimed by plaintiff that Geist was the attorney for the defendants Ranger and Presbrey, and Huffman attorney for the plaintiff and that they with the

above-mentioned defendants conspired to defraud the plaintiff. The court granted the motion for judgment as to the defendant Geist, but denied the motion as to the defendants now appealing. The complaint sets forth that in the year 1914 the plaintiff and one Abram Cohen formed a partnership for the purpose of manufacturing caps and thereafter formed a domestic corporation known as the Holtite Manufacturing Company, Inc., for the purpose of carrying on the business in which the copartnership had been originally engaged; that the plaintiff was the president of said corporation and Abram Cohen its secretary; that the corporation had a factory at East Stroudsburg, Penn., and an office in the city of New York; that at sometime prior to August 14, 1916, " the defendants by means of certain fraudulent concealments and false and fraudulent representations with intent to defraud and deceive the plaintiff induced plaintiff to form a new corporation for the express purpose of taking over the plaintiff's said business; that said representations consisted of statements by defendants to the plaintiff that by the organization of the said new corporation the interests of the plaintiff and of the Holtite Manufacturing Company, Inc., would be better protected; that the defendant Charles Presbrey was a millionaire who controlled the Presbrey Publishing Co., a concern of great wealth, and that the defendant John H. Ranger was connected with Hodges Fibre Co., a wealthy corporation and himself had large sums of money which he would put into the business of featuring the Holtite cap; that both Ranger and Presbrey were interested in the Thistle Hat Company; that the assets and good will of the Thistle Hat Company above liabilities were $20,000, but to feature the Holtite cap defendants Ranger and Presbrey would put all the assets of the Thistle Co. in the new corporation as against the assets of the Holtite Company, Inc., and that the stock of the new company would be divided equally between said Ranger and Presbrey and those interested in the Holtite Company, Inc.; that plaintiff was to be president of the company with all powers incidental thereto; that the new company would assume the obligations of the Holtite Company, Inc., to the extent of $3,500, and that from the little moderate business the Holtite Company, Inc., was doing,

the defendants by their funds and assets of the Thistle Co. would change the business to a large corporation with large resources and adequate funds."

The complaint further states that the new corporation was formed, and that the defendants induced plaintiff " to sign certain papers whereby plaintiff transferred all his interest in the assets of said Holtite Manufacturing Company, Inc." The complaint does not state what the plaintiff's interest was in this corporation, nor does the complaint disclose whether or not the plaintiff was a stockholder therein. Plaintiff then alleges that after the formation of the new company the defendants took over the business and management of said new company and deprived the plaintiff of any voice in the corporate affairs, and that the defendants took over the business of the Holtite Manufacturing Company, Inc., for the express purpose of gaining the management and control thereof, and that the defendants intended " to divert and convert to themselves and to their own purpose all the plaintiff's property and interests therein, and that the defendants did so and accomplished said purposes." The complaint then states, in the 8th paragraph, upon information and belief, that the statements made by the defendants above set forth were untrue and made with the intent to defraud the plaintiff.

While the learned trial court was of the opinion that the complaint did not state a good cause of action against the defendant Geist, it is difficult to see why the allegations of the complaint did not apply to Geist as well as to the other defendants. Though it is stated in subdivision second of the complaint that Geist prepared the papers as attorney for the defendants, still all of the other allegations of the complaint apply to Geist as well as to the other defendants. The only representations alleged in the complaint which are not clearly matter of opinion, immaterial or promissory in their character are: (1) That Presbrey was a millionaire, who controlled the Presbrey Publishing Company, a concern of great wealth; and (2) that Ranger was connected with the Hodges Fibre Company, a wealthy corporation, and himself had large sums of money which he would put into the business of featuring the Holtite cap. But even as to these misrepresentations, it is apparent that the plaintiff has wholly failed to

show any facts upon which damages can be predicated. The allegations respecting the control of the new corporation and its mismanagement are not relevant to plaintiff's cause of action. If the defendants have mismanaged the new company or have done anything which would cause damage to it, a cause of action would arise for the benefit of the new company and not for the benefit of the plaintiff. The plaintiff does not sue as a stockholder either of the original Holtite Manufacturing Company, Inc., or of the new company. If the facts stated in the complaint give rise to any cause of action whatever it would be a cause of action for the benefit of one or the other of the companies above mentioned. If the plaintiff had stock in the Holtite Manufacturing Company, Inc., which the defendants procured through fraud or deceit, the complaint should so allege. If the plaintiff wishes to recover damages by reason of being induced through fraudulent statements and representations of the defendants to part with any property or stock, he should state that fact and state with what property or stock he was induced by defendants' fraud to part. Plaintiff claims that he was a member of a partnership and that thereafter a corporation was organized to carry on the said business, but he does not show what his interest was in the partnership, nor what it transferred, nor what it received therefor. There is no suggestion in the complaint as to how plaintiff had an " interest in the assets " of the Holtite corporation, which was to carry on the partnership business. He carefully refrains from claiming that he was a stockholder thereof or parted with any stock therein. There is no allegation that he ever parted with any stock of any kind to defendants, or in fact that he parted with anything of value, save a general statement that he and Cohen were " stripped of all their assets, as hereinafter stated," and then there is a claim that certain notes were obtained by fraud, but there is no claim that they were ever paid, or that demand was made thereupon or likely so to be made, or that defendants claimed any rights thereunder. Then there are allegations which negative any conclusion that plaintiff ever held any stock in the new corporation, for he says the stock he was to receive was pledged or held in escrow and in some undisclosed manner confiscated. Plaintiff, for

aught that appears, still has his interest in the copartnership and his claim as to what he has lost is left so vague and indefinite that no damages could be predicated thereupon. It is well settled that a mere statement of fraud or deceit is not sufficient to uphold a complaint. (*Urtz* v. *N. Y. C. & H. R. R. R. Co.,* 202 N. Y. 173; *Anderson* v. *Smitley, No. 1,* 141 App. Div. 421.) In the last-mentioned case the court said: " In such an action, however, it is not sufficient to prove only the fraud and deceit. The plaintiff must go further and show that she suffered damage therefrom, for fraud without damage will not sustain an action for deceit." And in *Brackett* v. *Griswold* (112 N. Y. 454, 469): " In order to recover in an action for fraud and deceit the fraud and injury must be connected. The one must bear to the other the relation of cause and effect, not, perhaps, in so close a sequence as in actions on contract. But, nevertheless, it must appear in an appreciable sense that the damage flowed from the fraud as the proximate and not the remote cause."

The order in question, in so far as it is appealed from, will, therefore, be reversed, with ten dollars costs and disbursements, and the motion for judgment on the pleadings granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint on payment of said costs.

CLARKE, P. J., LAUGHLIN, PAGE and MERRELL, JJ., concurred.

Order so far as appealed from reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to amend complaint on payment of said costs, and in default thereof complaint dismissed as against appellants, with costs.