23-7283-cv
*Pelczar v. Pelczar*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of November, two thousand twenty-four.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> PIERRE N. LEVAL,
> ALISON J. NATHAN,
> *Circuit Judges,*

_____

JAMES PELCZAR,

> *Plaintiff-Appellant*,

v.                                                              23-7283

PETER V. MAIMONE, ESQ., ALBERT MAIMONE & ASSOCIATES, P.C.,

> *Defendants-Counter-Claimants-Appellees*,

DOREEN PELCZAR
> *Defendant-Appellee.**

_____

---

* The Clerk of Court is respectfully directed to amend the official caption as set forth above.

1

For Plaintiff-Appellant:    JAMES PELCZAR, *pro se*, New Port Richey, FL.

For Defendants-Counter-    PETER V. MAIMONE, Albert Maimone & Associates,
Claimants-Appellees:    P.C., New York, NY.

For Defendant-Appellee:    MAX D. LEIFER, Max D. Leifer, P.C., New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Donnelly, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant James Pelczar ("Pelczar") appeals from a judgment entered by the United States District Court for the Eastern District of New York (Donnelly, *J.*) on September 22, 2023, granting the defendants judgment on the pleadings under Federal Rule of Civil Procedure ("Rule") 12(c) and dismissing the complaint with prejudice. Pelczar has sued Doreen Pelczar, his sister, Peter V. Maimone, an attorney, and Maimone's law firm, alleging that the defendants made fraudulent misrepresentations about the ownership of a house, which had been previously transferred to an irrevocable trust by his parents. On appeal, Pelczar claims that the district court improperly granted judgment on the pleadings and that the law of the case should have prevented it from doing so. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal, which we reference only as necessary to explain our decision to **AFFIRM.**

1. **Judgment on the Pleadings**

Pelczar first argues that the district court erred by granting judgment on the pleadings to the defendants. We review de novo a district court's decision to grant a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *Vega v. Hempstead Union Free*

*Sch. Dist.*, 801 F.3d 72, 78 (2d Cir. 2015).[1] Judgment on the pleadings is proper if a complaint's well-pleaded facts, taken as true and with all reasonable inferences drawn in the plaintiff's favor, fail to state a plausible claim for relief. *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021) (explaining judgment for a defendant on the pleadings is inappropriate where there are issues of fact which, if proven, would defeat recovery). According to Pelczar, the district court improperly granted judgment by focusing on the fact that his parents' trust had terminated and the property vested in Doreen, rather than focusing on the defendants' fraudulent conduct, intent, and damages alleged in the complaint.[2] For the following reasons, we disagree.

To assert a fraud claim under New York law, a complaint must detail "a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages." *Eurycleia Partners, LP v. Seward & Kissel, LLP*, 12 N.Y.3d 553, 559 (2009); *Pasternack v. Lab'y Corp. of Am. Holdings*, 27 N.Y.3d 817, 827 (2016). In addition, "a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); *see also Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993); *Fin.*

---

[1] The standard for granting a Rule 12(c) motion for judgment on the pleadings is the same as the standard for granting a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020).

[2] This conduct and evidence of intent included, *inter alia*: 1) failing to obtain an order from the Surrogate's Court transferring the house to Doreen Pelczar; 2) filing of documents in the Surrogate's Court that did not list Pelczar as the owner of the home; and 3) defendants' statements that the house was estate property and that the Surrogate's Court did not need to determine the validity of the power of appointment.

*Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 402–03 (2d Cir. 2015); *Meyer v. Seidel*, 89 F.4th 117, 139 (2d Cir. 2023). Pelczar failed to adequately assert a claim.

As a threshold matter, the district court correctly concluded that Pelczar had no legal claim to the home after his father's death. Under New York law, a testator may appoint property by will and may terminate a trust upon an express condition, such as death. N.Y. Est. Powers & Trusts Law §§ 3-3.7(a), 7-2.2. Here, Pelczar's parents created an irrevocable trust that would terminate "upon the death of the Grantors" and dispose of the trust property "as the Grantors may direct and appoint" by their wills. S.A. 5–6, 15. Pelczar's father then exercised this "limited power of appointment" in his will to devise the house to Pelczar's sister.[3] S.A. 22. Thus, title to the house automatically vested in Doreen upon her father's death, and Pelczar lost any legal claim to it. *In re Matter of Miller*, 257 N.Y. 349, 356 (1931); *In re Matter of Jones*, 306 N.Y. 197, 206 (1954).

The district court properly granted judgment on the pleadings based on this finding. All the alleged misrepresentations occurred *after* Pelczar's legal claim to the house terminated. A plaintiff cannot be defrauded of property to which he has no valid claim. *Murray v. Nat'l Broad. Co.*, 844 F.2d 988, 994 (2d Cir. 1988), *abrogated on other grounds by Nadel v. Play-By-Play Toys & Novelties, Inc.*, 208 F.3d 368 (2d Cir. 2000); *see also Anderson v. Smitley*, 126 N.Y.S. 25, 29 (1910). Here, any misrepresentations the defendants made could not have been material or caused injury, because the will and death of Pelczar's father had already divested Pelczar of the house. *Murray*, 844 F.2d at 994; *see also Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d

---

[3] Contrary to Pelczar's assertions, this use of the power was proper because New York law provides that if one grantor predeceases the other, the surviving grantor may exercise sole power of appointment. N.Y. Est. Powers & Trusts Law § 10-6.7; S.A. 5–6.

4

413, 421–22 (1996) (finding no fraud because the harm occurred independently, by operation of law, *prior* to the alleged misrepresentations); *Anderson*, 126 N.Y.S. at 29 (finding pleadings on damages insufficient because even if the plaintiff proved she was induced by fraud to execute particular deeds, "still she would have had no claim upon that estate").[4]  Thus, even assuming *arguendo* that Pelczar sufficiently alleged the other elements of fraud, the district court properly granted judgment on the pleadings.

We agree with the district court's conclusion that judgment on the pleadings was also proper because Pelczar failed to plausibly allege damages.   Losses must be the "direct, immediate, and proximate result" of the fraud.   *Goldberg v. Mallinckrodt, Inc.*, 792 F.2d 305, 307 (2d Cir. 1986); *Kregos v. Associated Press*, 3 F.3d 656, 665 (2d Cir. 1993).   Pelczar listed, *inter alia*, $890,000 in damages for the full value of the house, but he failed to explain how that figure amounted to his losses from the defendants' misrepresentations, rather than from operation of the will.   *Jemima O. v. Schwartzapfel, P.C.*, 115 N.Y.S.3d 244, 246 (App. Div. 2019) (finding failure to allege fraud where claimed losses resulted from an independent action and not from purportedly false statements); *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 772 (2d Cir. 1994) (finding dismissal proper because the plaintiff did not plead facts showing injury was caused by misstatements as opposed to other likely causes).   As a result, judgment on the pleadings was proper.[5]

---

[4] *See also Revak v. SEC Realty Corp.*, 18 F.3d 81, 89–90 (2d Cir. 1994); *Wall St. Transcript Corp. v. Ziff Commc'ns Co.*, 225 A.D.2d 322, 322 (N.Y. App. Div. 1996); *Small v. Lorillard Tobacco Co.*, 94 N.Y.S.2d 43, 56 (1999); *RKA Film Fin., LLC v. Kavanaugh*, 99 N.Y.S.3d 267, 270 (App. Div. 2019).

[5] Pelczar's two procedural challenges are meritless. The district court did not err in granting judgment despite the existence of disputed facts.   While judgment is inappropriate if there are disputed facts which "if proved would defeat recovery," *Lively*, 6 F.4th at 301, no such facts existed here, where Pelczar never disputed the language of the trust or will.   Pelczar's other claim—that his sister never submitted a

### 2. **Law of the Case**

Pelczar next alleges that the district court's decision was at odds with its earlier opinion denying the defendant's motion to dismiss. We review a district court's decision to revisit a prior ruling under an abuse of discretion standard. *Colvin v. Keen*, 900 F.3d 63, 69 (2d Cir. 2018). The "change" in position that Pelczar identifies—a switch in ruling after the presentation of a new argument and clarification of the complaint—is not impeded by the law of the case doctrine. The parties' clarifications made it readily apparent Pelczar's complaint was meritless. *See United States v. Minicone*, 26 F.3d 297, 300 (2d Cir. 1994) (allowing an appellate court to reconsider a prior ruling if there has been an intervening change in law, new evidence, or a need to prevent manifest injustice); *see also Colvin*, 900 F.3d at 70 (allowing reconsideration because "it would make no sense to vacate the dismissal and compel the parties to continue litigating a complaint that fails to state an actionable claim"). The district court thus permissibly exercised its discretion to grant the motions for judgment on the pleadings after earlier denying the motions to dismiss on related grounds.[6]

* * *

---

memorandum of law with her motion for judgment on the pleadings—is plainly belied by the record.

[6] Nor did the district court ignore our instructions on remand in violation of the law of the case. *United States v. Cirami*, 563 F.2d 26, 32–33 (2d Cir. 1977). The district court considered Pelczar's damages claim, consistent with our decision that it had jurisdiction to do so. *Pelczar v. Pelczar*, 833 Fed. Appx. 872, 876 (2d Cir. 2020).

6

We have considered Pelczar's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court